UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:22-CR-12-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WALTER PERKINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 57 (Minute Entry), Judge Atkins recommended that the undersigned accept Defendant Walter Perkins's guilty plea and adjudge him guilty of Counts Three and Four of the Indictment (DE 1). *See* DE 60 (Recommendation); *see also* DE 59 (Plea Agreement). Judge Atkins expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 60 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 60, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Counts Three and Four of the Indictment (DE 1); and

2. The Court will issue a separate sentencing order.[1]

This the 6th day of February, 2023.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[1] Subject to intervening orders, Perkins will remain on bond pending sentencing, *see* DE 57 (Rearraignment Minute Entry), preserving his status following Judge Atkins's Order at DE 36. *See also* DE 30, 34 (Detention Hearing Minute Entries). This is not a mandatory detention case, under § 3143.